Case 3:03-cv-01261-BF   Document 23   Filed 04/26/05   Page 1 of 8   PageID 84

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CARL SLEDGE,<br>      Petitioner,<br><br>v.<br><br>DOUGLAS DRETKE, Director, Texas<br>Department of Criminal Justice, Correctional<br>Institutions Division,<br>      Respondent. | No. 3:03-CV-1261-M |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

### I. Background

On September 22, 1995, Petitioner pled guilty to possession with intent to deliver more than four grams but less than 200 grams of cocaine in the Criminal District Court No. 5, Dallas County, Texas, cause number F-9545816-L. Petitioner was sentenced to thirty-five years confinement.

On May 26, 1998, the Fifth District Court of Appeals reversed the conviction and remanded, finding that the guilty plea was not knowingly and voluntarily entered. *Sledge v. State*, No. 05-95-01610-CR (Tex. App. – Dallas, May 26, 1998). The state filed a petition for discretionary review. On June 28, 2000, the Court of Criminal Appeals vacated the judgment of the Court of Appeals and remanded for reconsideration. *Sledge v. State*, No. 973-98 (Tex. Crim. App., June 28, 2000). On August 18, 2000, the Fifth District Court of Appeals again reversed

and remanded Petitioner's conviction. *Sledge v. State*, No. 05-95-01610-CR (Tex. App. – Dallas, August 18, 2000). The state filed a motion for rehearing. The court granted the motion for rehearing and directed Petitioner and the state to file briefs on the merits. *Sledge v. State*, No. 05-95-01610-CR (Tex. App. – Dallas, November 2, 2000). After Petitioner failed to file a brief, the court found that Petitioner waived his claim that his guilty plea was involuntary. The court then affirmed Petitioner's conviction. *Sledge v. State*, No. 05-95-01610-CR (Tex. App. – Dallas, March 26, 2001). Petitioner did not file a petition for discretionary review. (*See* Answer, Ex. A).

On March 4, 2002, Petitioner states he filed a pro se motion for rehearing. (Petitioner's Motion in Opposition, Ex. C). On May 14, 2002, Petitioner filed a state petition for habeas relief. *Ex parte Sledge*, Application No. 54,398-01. On May 7, 2003, the Court of Criminal Appeals denied the petition without written order on the findings of the trial court. *Id.* at cover.

On May 30, 2003, Petitioner filed this petition. He also filed an amended petition on September 16, 2003. Petitioner argues that his guilty plea was involuntary and that he received ineffective assistance of counsel. On October 28, 2003, Respondent filed his answer arguing the petition is time-barred. On April 13, 2005, the Court held an evidentiary hearing on the time-bar issue. The Court now finds the petition is not barred by limitations and Respondent should be ordered to answer on the merits.

## II. Discussion

### A. Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA

governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 2068, 138 L. Ed. 2d 481 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[1] This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. *Id.* § 2244(d)(2). The one-year limitations period is also subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

The appellate court affirmed Petitioner's conviction on March 26, 2001. Petitioner's conviction became final thirty days later on April 26, 2001. *See* Tex. R. App. P. 68.2 (PDR must

---

[1] The statute provides that the limitations period shall run from the latest of--

>   (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
>   (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)

be filed within 30 days after court of appeals renders judgment or overrules motion for rehearing); *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner then had one year, or until April 26, 2002, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On May 14, 2002, Petitioner filed a state habeas petition. This petition was filed after the one-year limitations period expired. It therefore did not toll the limitations period.

Petitioner's federal petition was due by April 26, 2002. He did not file his petition until May 30, 2003. His petition is therefore untimely.

## B. Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner argues he is entitled to equitable tolling because his attorney, Mr. Rowlett, prevented him from timely filing his federal petition. The record shows that Mr. Rowlett was appointed in 1995. Petitioner's first appeal was successful and the Fifth District reversed the conviction. The state filed a petition for discretionary review. Mr. Rowlett represented Petitioner in that petition.

Prior to the Court of Criminal Appeals' ruling on the PDR, Mr. Rowlett states he sent Petitioner a letter on June 12, 2000. The letter informs Petitioner that Mr. Rowlett's address has changed and that his mail is not being forwarded. Mr. Rowlett states that the Court of Criminal Appeals has not yet ruled on the PDR and the letter asks Petitioner if he would like Mr. Rowlett to "try to speed up" the ruling. At the evidentiary hearing, Mr. Rowlett stated that Petitioner did not respond to this letter. Mr. Rowlett then assumed Petitioner was acting on his own behalf. Mr. Rowlett did not withdraw from the case.

On June 28, 2000, the Court of Criminal Appeals ruled on the PDR and remanded the case. Mr. Rowlett did not inform Petitioner that the Court ruled on the state's PDR. On remand, the court of appeals directed the parties to submit briefing. Mr. Rowlett did not submit briefing. He did not inform Petitioner that the court directed briefing and he did not inform Petitioner that he would not be submitting any briefing. On March 26, 2001, the court of appeals found that Petitioner failed to submit briefing and therefore waived his argument that his guilty plea was not knowingly and voluntarily entered. Mr. Rowlett did not inform Petitioner that the court affirmed his conviction. Mr. Rowlett also did not file a petition for discretionary review or any other motions. He did not inform Petitioner of his right to file a petition for discretionary review.

At the evidentiary hearing, Petitioner stated he never received Mr. Rowlett's June 12, 2000, letter regarding Mr. Rowlett's offer to try to "speed up" the ruling on the PDR. Petitioner stated he wrote numerous letters to Mr. Rowlett, but that he received no response. In May 2001, Petitioner wrote to the Fifth District Court of Appeals regarding his inability to contact his attorney. Petitioner also contacted the State Bar Grievance Committee. On June 27, 2001, the Fifth District Court of Appeals responded to Petitioner's inquiry by sending a copy of the March 26, 2001, decision affirming his conviction. (Respondent's Evidentiary Hearing Exhibits p.36).

On December 11, 2001, Mr. Rowlett sent a letter informing Petitioner that his conviction was affirmed on March 26, 2001. The December 11, 2001, letter also informed Petitioner that the appellate court ordered briefing but Mr. Rowlett decided not to submit briefing. Mr. Rowlett informed Petitioner that he would send Petitioner's files to him. Mr. Rowlett did not forward the files until approximately four months later, on March 30, 2002. (*Id.* p.43).

The Court finds Petitioner did not receive notice that his conviction had been affirmed until June 27, 2001, when the Fifth District Court of Appeals responded to Petitioner's inquiry. Petitioner acted diligently to discover that his conviction was final. He made numerous attempts to contact his attorney and he also contacted the court. Petitioner is entitled to equitable tolling from the date his conviction was affirmed on March 26, 2001, until June 27, 2001, when the Fifth District Court of Appeals sent him a letter notifying him that the conviction was affirmed. Petitioner then had one year, or until June 27, 2002, to file his federal habeas petition. The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On May 14, 2002, Petitioner filed a state habeas petition. This petition tolled the limitations period until the Court of Criminal Appeals denied the petition on May 7, 2003. At

that time, Petitioner had fifty-one days remaining on the limitations period. He filed his federal petition twenty-three days later, on May 30, 2003. His petition is therefore timely.

In arguing that equitable tolling does not apply to claims of ineffective assistance of counsel, Respondent cites *Molo v. Johnson*, 207 F.3d 773 (5th Cir. 2000) and *Cousin v. Lensing*, 310 F.3d 843 (5th Cir. 2002). In *Molo*, the Court found the petitioner's claim of ineffective assistance of counsel on appeal did not toll the AEDPA limitations period. In *Molo*, however, there was no allegation that the ineffectiveness of counsel contributed to or caused the AEDPA limitations to run. In *Cousin*, the ineffective assistance of counsel claim arose on federal habeas review and did not affect the petitioner's ability to pursue state remedies and to toll the limitations period.

The Court finds Petitioner is entitled to equitable tolling, which renders the petition timely. Respondent should be ordered to file an answer in accordance with Rule 5 of the Rules Governing Habeas Corpus Cases Under Section 2254.

**RECOMMENDATION**:

The undersigned magistrate judge recommends that Respondent's motion to dismiss the petition as barred by limitations should be denied and that Respondent should be ordered to file an answer in accordance with Rule 5 of the Rules Governing Habeas Corpus Cases Under Section 2254.

Signed this 26 day of April, 2004.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

The United States District Clerk shall serve a copy of these findings and recommendations on the parties. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings and recommendations to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985). Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc).

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE