IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CARL SLEDGE,<br>    Petitioner,<br><br>v.<br><br>DOUGLAS DRETKE, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>    Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:03-CV-1261-BF |

**MEMORANDUM OPINION AND ORDER**

This is a consent case before the United States Magistrate Judge. Carl Sledge ("Petitioner") is an inmate in the custody of the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"). Respondent is Douglas Dretke, Director of TDCJ-CID ("Respondent"). Petitioner initiated this action pursuant to 28 U.S.C. § 2254 on May 30, 2003. Respondent sought dismissal of the petition as barred by the one-year statute of limitations in 28 U.S.C. § 2244(d). The District Court denied Respondent's motion to dismiss and ordered him to answer on the merits. The District Court then transferred the case to the United States Magistrate Judge, based upon the consent of the parties.

**Procedural History**

On September 22, 1995, Petitioner pled guilty to possession with intent to deliver more than four grams but less than 200 grams of cocaine. *State v. Sledge*, No. F-9545816-L (Crim. Dist. Ct. No. 5, Dallas County, Tex. Sept. 22, 1995). The trial court sentenced Petitioner to thirty-five years in the custody of TDCJ-CID. The state appellate court reversed Petitioner's conviction in May of 1998, but on June 28, 2000, the Texas Court of Criminal Appeals granted the State's petition for discretionary review and remanded the case for further consideration by the state appellate court.

*Sledge v. State*, P.D.R. No. 973-98. The state appellate court again reversed and remanded for a new trial. *Sledge v. State*, No. 05-95-01610 (Tex. App – Dallas Aug. 18, 2000)(unpublished). Then the state appellate court granted reconsideration, withdrew its second opinion, and directed the parties to file briefs on the merits. *Sledge v. State*, No. 05-95-01610-CR, at 2 (Tex. App.– Dallas, March 26, 2001, no pet.)(unpublished). Counsel for Petitioner chose not to file a brief. *Ex parte Sledge*, No. 54,398-01, at 44 (Tex. Crim. App. May 7, 2003). The state appellate court reinstated Petitioner's conviction, and Petitioner did not file a petition for discretionary review. *Sledge v. State*, No. 05-95-01610-CR, at 2. Petitioner filed a state application for writ of habeas corpus which the Texas Court of Criminal Appeals denied without written order, based on the findings of the trial court without a hearing. *Ex parte Sledge*, No. 54,398-01 at cover.

## Issues

Petitioner raises three issues:

1. Petitioner's guilty plea was unknowing and involuntary;

2. Petitioner was denied effective assistance of appellate counsel because he failed to challenge the State's request for supplementation of the record as untimely and failed to brief an issue as instructed by the Court of Appeals; and

3. The state appellate court violated the *ex post facto* clause of the United States Constitution by applying law that was not established during Petitioner's trial or appeal.

(Fed. Writ Pet. at 7; Attached Page; Supp. at 4.)

## Exhaustion of State Court Remedies

Respondent admits that Petitioner has exhausted his state court remedies with respect to his first and second claims, but contends that Petitioner failed to exhaust his state court remedies with respect to his third claim. (Supp. Ans. at 3-4.) He contends Petitioner procedurally defaulted that

2

claim. (*Id.*)  The Court will first consider the threshold matter of whether Petitioner failed to exhaust and thus procedurally defaulted his *ex post facto* claim.

## **Exhaustion and Procedural Default**

Applicants seeking habeas relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief.  28 U.S.C. § 2254(b)(1); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999).  The exhaustion requirement is satisfied when the applicant fairly presents the substance of the federal habeas claim to the highest state court.  *Picard v. Connor*, 404 U.S. 270, 275-76 (1981); *Fisher*, 169 F.3d at 302.  The applicant must give the state court a fair opportunity to consider the claim.  *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).  It follows that the applicant must present his claims before the state courts in a procedurally proper manner in accordance with state court rules.  *Id*.  When a "petitioner advances in federal court an argument based on a legal theory distinct from that relied upon in the state court, he fails to satisfy the exhaustion requirement."  *Vela v. Estelle,* 708 F.2d 954, 958 n.5 (5th Cir. 1983).

Petitioner knew or should have known about his *ex post facto* allegation before he filed his state habeas corpus application.  *Robison v. Johnson*, 151 F.3d 256, 263 (5th Cir. 1998).  Nevertheless, Petitioner did not raise this claim in the state courts.  He seeks federal habeas corpus relief based on a legal theory that was never presented to the highest state court.  (*Ex parte Sledge*, No. 54-398-01 at 7-10.)  His failure to properly present his claim in state court renders this claim unexhausted.  *Finley v. Johnson*, 243 F.3d 215, 219 (5th Cir. 2001).

Petitioner cannot return to the Texas courts to cure this deficiency.  The Texas abuse-of-the-writ doctrine requires an applicant to present all of his claims in his first application for writ of habeas corpus and prohibits successive applications.  *Ex parte Barber*, 879 S.W.2d 889, 891 n.1

(Tex. Crim. App. 1994). This doctrine is an adequate state procedural bar for purposes of federal habeas review. *Emery v. Johnson*, 139 F.3d 191, 195 (5th Cir. 1997); *Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997). Accordingly, a federal court may not grant habeas corpus relief when a state procedural default occurs unless the petitioner can show either (1) cause for the default and actual prejudice or (2) that the federal court's failure to consider the claim will result in a miscarriage of justice, i.e., that the petitioner is actually innocent of the crime. *Sawyer v. Whitley*, 505 U.S. 333, 339-40 (1992); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Finley*, 243 F.3d at 219-20.

Petitioner fails to argue, much less establish, cause and prejudice for not raising this claim and, in addition, does not show that he is actually innocent of the crime for which he stands convicted. Accordingly, Petitioner's third claim is unexhausted and procedurally defaulted. 28 U.S.C. § 2254(b)(2).

## **Standard of Review**

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings, unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite from that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362,

405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision is an unreasonable application of clearly established precedent if it correctly identifies the applicable rule but applies it in an objectively unreasonable manner to the facts of the case. *Williams*, 529 U.S. at 407-08; *see also Neal v. Puckett*, 286 F.3d 230, 236, 244-46 (5th Cir. 2002) (en banc per curiam).

Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The applicant has the burden of rebutting this presumption of correctness by clear and convincing evidence. *Hill*, 210 F.3d at 485. When the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, it is an adjudication on the merits, which is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

### **Involuntary Guilty Pleas**

Because Petitioner pled guilty, he may only challenge the voluntary character of his guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). Petitioner argues that his guilty plea was involuntary because he pled guilty with the impression that he could appeal an adverse pretrial ruling on his motion to suppress. (Fed. Writ Pet. at 7.)

If a challenged guilty plea is knowing, voluntary, and intelligent, it will be upheld on federal habeas review. *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). Although a defendant's attestation of voluntariness at the time of the plea is not an absolute bar to later contrary contentions, it places a heavy burden upon him. *United States v. Diaz*, 733 F.2d 371, 373-74 (5th Cir. 1979). He must show such a strong degree of misunderstanding, duress, or misrepresentation by others that his plea would become a constitutionally inadequate basis for imprisonment. *Id.* (citing *Blackledge v.*

5

*Allison*, 431 U.S. 63, 75 (1977)). Before a trial court may accept a guilty plea, the court must ensure that the defendant "has a full understanding of what the plea connotes and of its consequence," but not that he understood the "technical legal effect" of the charges. *Boykin v. Alabama*, 395 U.S. 238, 244 (1969); *James*, 56 F.3d at 666. A plea is involuntary, and thus insufficient to support a conviction, if the defendant "has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt." *Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976). If the defendant understands the maximum prison term and fine for the offense, the subsequent guilty plea is knowingly entered. *Ables v. Scott*, 73 F.3d 591, 592 n.2 (5th Cir.) (per curiam). Absent supporting evidence in the record, a court cannot consider a habeas petitioner's mere assertions on a critical issue in his *pro se* petition to be of probative evidentiary value. *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994); *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983) (per curiam).

Petitioner first raised this claim in a state writ application, and the trial court found, in part, as follows:

> Applicant's plea of guilty in Cause No. F95-45816-L was accepted by this Court after this Court thoroughly and properly admonished Applicant as to the meaning and consequences of said plea. This Court would not have accepted said plea had this Court not been convinced that Applicant knew and understood the consequences of said plea. Applicant's plea was made and accepted in accordance with the requirements of Article 26.13, V.A.C.C.P. *Ex parte McWilliams*, 634 S.W.2d 815 (1982). *Ex parte Cevalles*, 513 S.W.2d 965 (1974). Applicant's plea of guilty was knowingly and voluntarily entered.

*Ex parte Sledge*, at 32. The Texas Court of Criminal Appeals denied relief without written order on the findings of the trial court without a hearing. *Id.,* at cover. The trial court made factual findings and concluded the plea was voluntary. The Texas Court of Criminal Appeals denied relief without written order on the findings of the trial court without a hearing. *Id.*, at cover. This Court

6

cannot grant habeas corpus relief unless it determines that the state courts' determinations to deny relief were in conflict with clearly established Federal law as determined by the United States Supreme Court or that they were "based on an unreasonable determination of the facts in light of the evidence." 28 U.S.C. § 2254(d). Factual determinations underlying the adjudications are entitled to a presumption of correctness. 28 U.S.C. § 2254(e); *Neal v. Puckett*, 239 F.3d 683, 696 (5th Cir. 2001).

Petitioner has presented no evidence that his guilty plea was not knowing and voluntary; rather, the record contains only his self-serving allegations which are insufficient to rebut the presumption of regularity of the state court records. *Babb v. Johnson*, 61 F. Supp. 2d 604, 606 (S.D. Tex. 1999); *see also Armstead*, 37 F.3d at 210. Petitioner's first claim is denied.

## Ineffective Assistance of Counsel

Petitioner claims he received ineffective assistance of appellant counsel because counsel failed to challenge the State's request for supplementation of the record as untimely and failed to brief the issue as instructed by the Court of Appeals. (Fed. Writ Pet. at 7; Attached Page.)

The Sixth Amendment guarantees a defendant the right to the effective assistance of counsel. U.S. CONST. amend. VI. A claim of ineffective assistance of counsel is measured under a two-pronged standard: deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668 (1984). With an ineffective-assistance-of-counsel-on-appeal claim, a petitioner must show that: (1) counsel's performance was deficient in that the errors counsel made were so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment; and (2) there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Id.* at 687, 694. A reasonable probability is a probability sufficient to undermine

7

confidence in the outcome. *Id.* at 694. The court need not address both prongs of the *Strickland* standard if the complainant has made an insufficient showing on one of the prongs. *Id.* at 697.

In assessing whether a particular counsel's performance was constitutionally deficient, courts indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance. *Id.* at 689. In general, scrutiny of an attorney's performance is highly deferential, and reviewing courts will not second-guess strategic decisions; rather, the attorney's performance is evaluated in light of all the circumstances as they existed at the time of the conduct and is presumed to have been adequate. *Id.* at 689-90. Strategic choices made after thorough investigation of the law and facts relevant to plausible options are virtually unchallengeable. *Id.* at 690-91.

Because Petitioner claims he received ineffective assistance of appellate counsel because counsel failed to challenge the State's request for supplementation of the record as untimely and failed to brief the issue as instructed by the Court of Appeals, the Court must next look at the trial court's findings with respect to counsel's performance. The trial court addressed both the performance of trial counsel, Mr. Watson, and appellate counsel, Mr. Rowlett, in part, as follows:

> This Court finds that Mr. Watson and Mr. Rowlett are trustworthy individuals and that the statements made by them in their affidavits are worthy of belief. Based upon a thorough review of Applicant's instant Application for Writ of Habeas Corpus, the court's records in Cause No. F95-45816-L and the affidavits submitted by Mr. Watson and Mr. Rowlett, this Court finds that the statements made by Mr. Watson and Mr. Rowlett in their affidavits are true, correct and dispositive of the allegations presented by Applicant relative to them.
>
>  A review of the records in Cause No. F95-45816-L reflects that Applicant was represented by attorneys who exercised all of the skill and expertise which one could reasonably expect of an attorney and that Applicant was in no way denied his right to effective assistance of counsel either at trial or on appeal.

*Ex parte Sledge*, at 33. On the basis of the trial court's findings, the Texas Court of Criminal Appeals denied relief without written order. *Id.,* at cover. Again, this was an adjudication on the merits. *Singleton*, 178 F.3d at 384; *Ex parte Torres*, 943 S.W.2d at 472.

Petitioner has failed to show deficient performance regarding his allegation that counsel was ineffective for failing to object or challenge the State's request for supplementation of the record as untimely and failing to brief the issues. Furthermore, Petitioner has failed to demonstrate that his appellant counsel's deficiencies prejudiced his case. He failed to explain how such an objection regarding the timeliness of the State's motion to supplement the record on appeal would have had merit and would have been successful, and how, in fact, it would have affected the outcome of the case. Further, Petitioner has failed to demonstrate that but for counsel's failure to submit a timely brief to the Court of Appeals, he would have actually prevailed on appeal. *Strickland*, 466 U.S. at 687; *Smith*, 528 U.S. at 286. Petitioner's claim of ineffective assistance of counsel is denied.

## **Conclusion**

Petitioner procedurally defaulted his *ex post facto* violation claim. Further, he failed to show that the state court adjudications of his other two claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d). Additionally, he did not show that the adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. *Id*. The

petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED.

Signed October 4, 2005.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE